Allen, J.
This is a proceeding by the representative of Jonathan Thomas, late sheriff of Grayson county, to recover from Samuel Cox, his deputy, and his co-obligors in a bond to the sheriff, the amount of a judgment recovered against the administratrix of the sheriff by the surviving executor of William Bourn deceased, on account of the default of the deputy. The proceeding was had upon the same bond referred to in' the former case between these parties, and the same objections to the validity of the bond were relied on, and were then disposed of.
In this case it does not appear from the evidence as set out, that the execution with the return of the deputy was produced. The judgment against the administratrix of the sheriff, recites that the notice *325 against her was to recover money collected by the deputy on an execution which issued out of the County court of Grayson on the 29th day of 1833, in favor of William Bourn, which came to the hands of Samuel Cox as deputy of Thomas, the high sheriff of the county, who had returned that he had received the amount of the execution. The whole evidence consisted of the notice, the judgment aforesaid, and the bond, the execution of which was proved. And in the absence of all other proof the judgment furnished prima facie evidence against the deputy and his sureties of the facts therein recited, and showed that the representative of the sheriff had been subjected to a liability for the default of the deputy, as in the notice alleged.
Nor is there anything to show that the recovery of the creditor against the sheriff or- his administratrix, was barred by the statute of limitations. It does not appear when the proceeding was instituted against the representative of the sheriff, or what defence was made to the- notice. It was sufficient for the defendant in error to make out a prima facie case entitling her to recover. If the statute of limitations or any other matter would have constituted a valid defence, the proof should have come from the plaintiffs in error. The judgment against the administratrix must be presumed to be correct in the absence of all proof to the contrary.
■The last objection to the recovery is of a more serious character. It appears upon the face of the judgment that the execution upon which the money was collected issued from the County court of Grayson, and the judgment was rendered by the Circuit court. By § 48 of act 1 Rev. Code 542, the creditor is authorized to recover by motion in the court from which the execution issued, the amount collected, with interest at the rate of fifteen per centum per annum from the return day *326 of the execution until paid. The question then arises whether the judgment, supposing it to have been pro-on a notice commenced in the Circuit court, wag a mere nullity originally. In the case of the Marshalsea 10 Coke 76 a, it was resolved that when a court has jurisdiction of a eause, but proceeds erroneously, no action lies against the party who sues, or the officer who executes the precept of the court. But if the court had no jurisdiction, the whole proceeding is coram non judiee, and actions will lie against them without any regard to the precept. If the court has cognizance of the cause, advantage cannot be taken of an erroneous judgment collaterally; for although the error be apparent, the judgment remains in force until reversed. Drury’s case, 8 Coke 141 b; Tarlton v. Fisher, Doug. R. 671. The only question then would seem to be whether the subject matter was within the jurisdiction of the court; if it was, if the jurisdiction of the court extended over that class of cases, it was the province of the court to determine for itself whether the particular case was one within its jurisdiction. The Circuit court is a court of general jurisdiction, taking cognizance of all actions at law between individuals, with authority to pronounce judgments and to issue execution for their enforcement. The jurisdiction of the court to take cognizance of all controversies between individuals in proceedings at law, need not, (as in the case of courts of restricted and limited jurisdiction,) appear on the face of the proceedings. Where its jurisdiction is questioned it must decide the question itself. Nor is it bound to set forth on the record the facts upon which its jurisdiction depends. Wherever the subject matter is a controversy at law between individuals, the jurisdiction is presumed from the fact that it has pronounced the judgment: And the correctness of such judgment can be enquired into only by some appellate tribunal. The execution which *327 would, issue on the judgment in the case under consideration, would not disclose to the officer the nature of the proceedings on which the judgment was There was no necessity to set forth in the on what evidence it was rendered; and being a judgment for a pecuniary recovery which the court had general jurisdiction to render, the sheriff would have been bound to execute it, and the execution would have been his justification. In Grignon’s lessee v. Astor, 2 How. U. S. C. R. 319, it is said “ that the true line of distinction between courts whose decisions are conclusive if not removed to an appellate court, and those whose proceedings are nullities if their jurisdiction does not appear on their face, is this: a court which is competent by its constitution to decide on its own jurisdiction, and to exercise it to final judgment, without setting forth in their proceedings the facts and evidence on which it is rendered; whose record is absolute verity, not to be impugned by averment or proof to the contrary, is of the first description.” Of that description is the Circuit court, and its decision in controversies at law is evidence of itself to show jurisdiction and its lawful exercise. The subject matter being within the jurisdiction of the court, it is immaterial by what form it is exercised; they do not affect the jurisdiction of the court. Thus it is said in the case of the Marshalsea, if the Court of common pleas holds plea in an appeal of death, and the defendant is attainted, it is coram non judice. But if the same court in a plea of debt award a capias against a duke, which by law does not lie against him, and that appear in the writ itself, although the writ be against law, yet as the court has jurisdiction of the cause, the sheriff arresting by force of the writ is excused: So also if the Court of common pleas holds plea in debt without original, it is not void, for they are judges of those pleas, and it cannot be said the proceeding is coram non judice. So here the judges *328 of the Circuit courts are judges of pleas against she-whether carried on by action at common law or notice under the statute; though in a given case, may err determining on their jurisdiction. In case Prigg v. Adams, 2 Salk. R. 674, in an action for false imprisonment, the officer justified under a ca. sa. on a judgment of the Court of common pleas, upon a verdict of five shillings upon a. cause of action arising in Bristol. The plaintiff replied an act of parliament creating a court in Bristol, and declaring that if any person brought any such action in any court at Westminster, and it appeared upon trial to be under 40 shillings, no judgment should be entered upon it; and if entered it should be- void. Yet the court held it only voidable, and sustained the plea. The principle of that case is decisive of this. There, although the act of parliament declared the judgment void, yet as a court having jurisdiction of the subject matter had rendered it, though the error appeared on its face, it could be corrected only in an appellate tribunal. The case of Prigg v. Adams is cited and relied on by President Tucker in Fisher v. Bassett, 9 Leigh 119 ; and the same principle was affirmed in that case: the court holding that as the General court had jurisdiction to grant letters of administration, although the state of facts was not such as to give the court jurisdiction to grant administration in the particular case, yet the grant was not a void but only a voidable act. The judgment in this case must, be considered as conclusive for another reason: Both parties appeared, and the defendant either submitted to the jurisdiction, or it was decided against him. In such case President Tucker, in Fisher v. Bassett, observes, that the question whether the general jurisdiction of the court over matters of that description embraced the particular case having been decided by its judgment, can never be raised again except by proceedings in error.
*329 The objection to the validity of the judgment is not well founded for another reason: It does not certainly appear that the proceeding commenced in the Circuit court. It may have been instituted in the County court and removed to the Circuit court, or have been retained in the Circuit court upon a reversal of a judgment of the County court. The court in favor of the judgment would if necessary be bound to presume that such was the fact, and it was the duty of the other side to have produced the whole record to repel such presumption, if he intended to raise the question. I think there is no error in the judgment, and that it should be affirmed.
Moncure and Lee, Js. concurred in Judge Allen's opinion.
Daniel, J. concurred in affirming the judgment.